UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH CUNNEEN,<br><br>                Plaintiff,<br><br>    - *against* -<br><br>JOHN NAPOLI,<br><br>               Defendant. | Case. No.<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, Joseph Cunneen, by his undersigned attorneys, as and for his complaint against the defendant, John Napoli, respectfully states and alleges:

PARTIES

1.    Plaintiff, Joseph Cunneen, is a citizen of the State of New York, residing at 135 Beach 125th Street, Apartment 2G, Rockaway Park, New York 11694.

2.    Upon information and belief defendant, John Napoli, is a citizen of the State of New Jersey, residing at 9 Hampton Court, Matawan, New Jersey 07747.

JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4.    Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

CAUSE OF ACTION
(Civil Battery)

5.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 4 above, as if the same were fully set forth herein.

6.   On October 6, 2006 plaintiff was working as a floor clerk for Van Der Moolen Specialists on the floor of the New York Stock Exchange at 40 Wall Street, New York, New York.

7.   Plaintiff had returned to work the previous day, October 5, 2006, after being on sick leave for approximately three weeks following surgery for a fractured right clavicle on September 14, 2006.

8.   In addition to the fractured right clavicle, plaintiff suffered from a ligament tear in his right shoulder.

9.   It was the normal practice and procedure for persons working on the trading floor of the New York Stock Exchange who were physically injured in their upper bodies or recovering from such injuries, to place red tape on their "floor jackets" – the distinctive outergarments worn by floor traders and clerks – to warn other persons not to come into contact with the injured person in the area marked by the tape. This practice was necessitated by the close and crowded working quarters on the trading floor, and has long been in use at the New York Stock Exchange.

10.   On October 5 and 6, 2006, plaintiff prominently marked his floor jacket in the right shoulder area, front and back, with red tape to signify an injury in that area and to warn others on the trading floor against physically contacting him in that area.

11.   Defendant also worked as a floor clerk for Van Der Moolen Specialists on the floor of the New York Stock Exchange.

2

12. Upon information and belief, defendant understood the aforementioned significance of red tape on a floor trader's or clerk's floor jacket.

13. On the day plaintiff returned to work after his surgery, October 5, 2006, defendant, threatened plaintiff by saying to him, in words or substance, "Keep fucking with me, I'm going to punch you in the shoulder."

14. Defendant knew that plaintiff was injured in the right shoulder area, that plaintiff's healing was not complete, and that physical contact of even light force to plaintiff's right should area would cause severe and crippling pain and injury to plaintiff.

15. On October 6, 2006 at approximately 9:22 a.m., defendant, without provocation and without warning, willfully, wantonly, maliciously and recklessly battered plaintiff by violently and forcefully punching plaintiff, with a closed fist, in plaintiff's injured right shoulder.

16. Upon being punched by defendant, plaintiff collapsed to the floor in agonizing pain, and remained in pain and incapacitated for a considerable time thereafter.

17. By reason of the foregoing, plaintiff was rendered sick, sore, lame and disabled, was and will be incapacitated for a long time to come, has been informed and believes that certain of his injuries are permanent in their nature, was unable to attend to his usual duties for a considerable time, required medical aid and attention, suffered grievous physical pain and mental anguish and will continue to suffer pain for a considerable time to come.

18. By reason of the foregoing the plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

19.     By reason of the wanton, willfull, intentional and malicious nature of defendant's conduct as aforesaid, plaintiff is entitled to an award of punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## JURY TRIAL DEMAND

20.     Plaintiff demands trial by jury of all issues so triable.

WHEREFORE, plaintiff, Joseph Cunneen, demands judgment against the defendant, John Napoli, awarding compensatory damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00) and awarding punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00), making in all the sum of TEN MILLION DOLLARS ($10,000,000.00), together with the costs and disbursements of this action.

Dated: New York, New York
       July 20, 2007

**EDWARD F. WESTFIELD, P.C.**
Attorneys for Plaintiff

By: *s/ Edward F. Westfield*
    Edward F. Westfield Jr. (EW2030)
274 Madison Avenue, Suite 1601
New York, NY 10016-0701
(212) 532-6625