UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSEPH CUNNEEN,                                    Docket No.: 07 CIV 6601

                          Plaintiff,

      -against-                                    **Answer**

JOHN NAPOLI,

                         Defendants.
-----------------------------------------------------------X

       Defendant, JOHN NAPOLI, by his attorneys, CAMACHO MAURO MULHOLLAND, LLP, as and for his answer to the plaintiff's complaint, respectfully alleges:

       1.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

       2.     Admits.

       3.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation and leaves all matters of law to the Honorable Court.

       4.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation and leaves all matters of law to the Honorable Court.

       5.     Defendant JOHN NAPOLI repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "4" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "5".

       6.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

7. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

8. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

9. Denies knowledge and information sufficient to form a belief as to the truth of this allegation, except admits that persons working on the trading floor of the New York Stock Exchange who were physically injured in their upper bodies or recovering from such injuries, would place red tape on their "floor jackets" to warn other persons not to come into contact with the injured person in the area marked by the tape.

10. Denies.

11. Admits.

12. Admits.

13. Denies.

14. Denies.

15. Denies.

16. Denies.

17. Denies.

18. Denies.

19. Denies.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20. The complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. The defendant(s) not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. The liability of defendant, JOHN NAPOLI, to the plaintiff herein for non-economic loss is limited to defendant, JOHN NAPOLI'S, equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. Plaintiff(s) have recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources. Any award made to plaintiff(s) shall be reduced in accordance with these provisions.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. Any damages sustained by the plaintiff(s) were caused by the culpable conduct of the plaintiff(s), including contributory negligence, assumption of risks, breach of

contract and not by the culpable conduct or negligence of this answering defendant. But if a verdict of judgment is awarded to the plaintiff(s), then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff(s) bears to the culpable conduct which caused the damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25.   Plaintiff may have failed to mitigate damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

26.   Plaintiff's alleged loss and damage, if any, resulted wholly and solely from the fault, neglect and want of care of the Plaintiff or persons or parties other than Defendant, for whose acts said Defendant is not liable or responsible and not as a result of any negligence.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

27.   This defendant is entitled to a set-off if any tort feasor has or will settle with plaintiffs pursuant to G.O.L. 15-108.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

28.   That by entering into the activity in which the plaintiff(s) was engaged at the time of the occurrence set forth in the complaint, said plaintiff(s) knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff(s) herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff(s) in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

*AS AND FOR A TENTH AFFIRMATIVE DEFENSE*

29. This action is barred or limited because defendants acted in self-defense.

*AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE*

30. The injuries sustained by plaintiff, if any, were not proximately caused by any act of omission of answering defendant.

WHEREFORE, defendant, JOHN NAPOLI demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: New York, New York
September 19, 2007

CAMACHO MAURO MULHOLLAND, LLP

_____
Andrea Sacco Camacho, Esq. (ASC-5719)
Attorneys for John Napoli
350 Fifth Avenue - Suite 5101
New York, New York 10118
(212) 947-4999
Our File No.: CHUY-1839-A

To: (See Affidavit attached)

STATE OF NEW YORK  )
COUNTY OF NEW YORK ) ss:

Dena M. Serrano, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Brooklyn, New York.

That on September 19, 2007, deponent served the within **Answer** upon the attorneys/individuals listed below, at his/her/its addresses which were so designated by said attorneys for said purpose, by depositing a true copy of same enclosed in a post paid properly addressed wrapper in a post office under the exclusive care and custody of the United States Postal Service within the State of New York:

TO:

Edward F. Westfield, Esq.
274 Madison Avenue – Suite 1601
New York, New York  10016
(212) 532-6625
Attorneys for Plaintiff

_____
Dena M. Serrano

Sworn to before me this
19th day of September, 2007

_____

Z:\CASES\18394\gl\answer.doc

CHRISTOPHER MAURO
Notary Public, State of New York
No. 02MA6171505
Qualified in New York County
Commission Expires July 23, 2011

Docket No.   07 CIV 6601                                                              Year 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH CUNNEEN,

                                        Plaintiff,

- against -

JOHN NAPOLI,

                                        Defendants.

## *Answer*

### CAMACHO MAURO MULHOLLAND, LLP
*Attorneys for Defendant*
**John Napoli**
Empire State Building
350 Fifth Avenue - Suite 5101
New York, N.Y. 10118
(212) 947-4999
Our File No.: CHUY-1839-A

To:   * * *
Attorney(s) for   * * *

Service of a copy of the within   * * *               is hereby admitted.
Dated:  ***
                                                  . . . . . . . . . . . . . . . . . . . . . . . .
                                                  Attorney(s) for   * * *

PLEASE TAKE NOTICE

☐  that the within is a (certified) true copy of a * * *
    entered in the office of the clerk of the within named Court on   * * *
NOTICE OF
ENTRY

☐  that an Order of which the within is a true copy will be presented for settlement to the Hon. ***
    one of the judges of the within named Court, at ***, on ***, at ***   .
NOTICE OF
SETTLEMENT

Dated: New York, New York
       September 19, 2007

CAMACHO MAURO MULHOLLAND, LLP
*Attorneys for* John Napoli