UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH CUNNEEN,<br><br>       Plaintiff,<br><br>  *- against -*<br><br>JOHN NAPOLI,<br><br>       Defendant. | Case. No. 07-CV-6601<br>(LAK) (GWG)<br><br>**JOINT PRE-TRIAL ORDER** |

The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

## I. NATURE OF THE CASE

This action is for civil battery. The plaintiff, Joseph Cunneen, seeks compensatory damages in the amount of $5,000,000 and punitive damages in the amount of $5,000,000.

## II. JURY TRIAL

Trial by jury has been demanded. There is no dispute as to whether the action should be tried to a jury. The length of the trial is estimated to be three days.

## III. STIPULATED FACTS

The parties stipulate to the following facts:

1.  As of October 6, 2006 plaintiff, Joseph Cunneen, was employed as a floor clerk on the trading floor of the New York Stock Exchange, by the firm Van Der Moolen Specialists.

2. As of October 6, 2006 defendant, John Napoli, was employed as a floor clerk on the trading floor of the New York Stock Exchange, by the firm Van Der Moolen Specialists.

3. Plaintiff, Joseph Cunneen, had returned to work on October 5, 2006 following several weeks' leave after surgery to repair a fractured right clavicle, which was the result of a skiing accident in December 2005.

4. Defendant, John Napoli, was aware that plaintiff, Joseph Cunneen, had an injury to his right shoulder.

5. It was the normal practice and procedure for persons working on the trading floor of the New York Stock Exchange to place red tape on their "floor jackets to designate areas of prior injury.

### III. PARTIES' CONTENTIONS

The pleadings are deemed amended to embrace the following, and only the following, contentions of the parties:

A. <u>Plaintiff's Contentions</u>

1. On October 6, 2006 at approximately 9:22 a.m., defendant, John Napoli, intentionally or wantonly and recklessly committed a civil battery against plaintiff, Joseph Cunneen, by punching plaintiff with a closed fist in plaintiff's right shoulder.

2. At the time of the battery, plaintiff was wearing his floor jacket as a floor clerk on the trading floor of the New York Stock Exchange.

3. At the time of the battery, according to normal practice and procedure for persons working on the trading floor of the New York Stock

        Exchange, plaintiff's floor jacket was marked with red tape in the area of his right shoulder, to warn other persons not to come into contact with the injured person in the area marked by the tape.

4. At the time of the battery, defendant was aware that plaintiff had returned to work the previous day, October 5, 2006, after being out of work after surgery to repair a broken clavicle on September 14, 2006.

5. On October 5, 2006 defendant threatened plaintiff by saying to him, in words or substance, "Keep fucking with me, I'm going to punch you in the shoulder.?

6. Defendant's battery against plaintiff was not provoked by plaintiff and was not justified by any conduct of plaintiff.

7. Defendant's battery against plaintiff aggravated a pre-existing injury to plaintiff's right shoulder, necessitating surgery on May 1, 2007 to repair the damage.

8. As a result of defendant's battery, plaintiff has suffered severe and continuing pain and suffering, and has been permanently injured and disabled and precluded from enjoying and performing activities of daily living.

9. Defendant's conduct was wanton, willful, intentional and malicious.

B. Defendant's Contentions

1. That the plaintiff, Jospeh Cunneen, had a long standing history of harassing individuals on the floor of the stock exchange.

2. That certain employees of Van Der Moolen requested to work in areas away from the plaintiff because they complained of regular harassment by the plaintiff, Joseph Cunneen.

3. That the plaintiff routinely harassed the defendant, John Napoli.

4. That, on at least two prior occasions, the plaintiff, Joseph Cunneen, actually struck defendant, John Napoli, with objects on the floor of the stock exchange.

5. That, although John Napoli knew the plaintiff had an injury to his shoulder, the specifics were unknown.

6. That John Napoli is not certain of the dates of the plaintiff's surgery nor the date of his return to work.

7. That, at the time and place of the incident in question, John Napoli believed that the plaintiff was about to strike him.

8. That any contact between Joseph Cunneen and John Napoli was the result of Mr. Naopli's belief that he was about to be struck and that said contact was nothing more than his immediate response to that threat.

9. That John Napoli was acting in self-defense when his body came in contact with Joseph Cunneen.

10. That John Napoli never intended to cause harm to the plaintiff.

11. That the contact between Joseph Cunneen and John Napoli did not result in any significant injury to Joseph Cunneen.

12. That, in December 2005, the plaintiff, Joseph Cunneen was involved in a skiing accident whereby he suffered a fractured right clavical, a labrum tear and all other injuries he claims were caused by the incident on October 6, 2006.

13. That, after the incident of October 6, 2006, the plaintiff has had multiple accidents involving the shoulder he alleges was injured in October 6, 2006 incident, including a skateboarding accident and another skiing accident.

14. That the plaintiff failed to adhere to his doctors' instructions and, by his own actions, exacerbated his condition and interfered with his body's ability to heal.

15. That the plaintiff underwent surgery to his left shoulder in July 2007.

16. That none of the injuries or loss of enjoyment of life claimed by the plaintiff are the result of the October 6, 2006 incident involving John Napoli.

## V. ISSUES TO BE TRIED

The issues to be tried are:

1. Whether defendant intended to harm the plaintiff..

2. Whether defendant intentionally punched plaintiff in the right shoulder.

3. Whether the defendant was previously subject to harassment and battery by the plaintiff.

4. Whether defendant was acting in self-defense.

5. If defendant was acting in self-defense, whether the force used was reasonable under the circumstances.

6. Whether the defendant acted intentionally and maliciously or wantonly and recklessly.

7. Whether the incident that occurred on October 6, 2006 aggravated a pre-existing injury, necessitating surgery.

8. Whether the conditions plaintiff alleges in this lawsuit were actually the result of a December 2005 skiing accident.

9. Whether the conditions plaintiff alleges in this lawsuit are the result of subsequent accidents.

10. Whether the plaintiff failed to heed his doctors's advice.

11. Whether plaintiff is entitled to compensatory damages, and the amount(s) thereof.

12. Whether plaintiff is entitled to punitive damages, and the amount thereof.

## VI. PLAINTIFF'S EXHIBITS

No exhibit not listed below may be used a trial except for (a) cross-examination purposes or (b) if good cause for its exclusion from the pretrial order is shown.

Plaintiff's Exhibit 1: Floor Jacket marked with red tape in right shoulder area.
Plaintiff's Exhibit 2: Medical note of NYU Medical Center dated 12/11/05
Plaintiff's Exhibit 3: Medical records of Joseph Feliccia, M.D.
Plaintiff's Exhibit 4: Medical and billing records of Mt. Sinai Hospital.
Plaintiff's Exhibit 5: Medical and billing records of Jonathan Glashow, M.D., P.C.
Plaintiff's Exhibit 6: Medical records and billing records of Lenox Hill Radiology & Medical Imaging Associates P.C.
Plaintiff's Exhibit 7: Medical records of Belle Harbor Physical Therapy
Plaintiff's Exhibit 8: Receipts from Hanna's Pharmacy
Plaintiff's Exhibit 9: John Napoli's deposition transcript

## VII. DEFENDANT'S EXHIBITS

No exhibit not listed below may be used at trial except for (a) cross-examination purposes or (b) if good cause for its exclusion from the pretrial order is shown.

Defendant may use all of the documents or items listed by the plaintiff above. Additionally, Defendant may rely on the following additional documents:

Medical records contained in the Worker's Compensation file

Medical records related to plaintiff's July 2007 surgery

Joseph Cunneen's deposition transcript

John Napoli's deposition transcript

Plaintiff's answers to interrogatories

## VIII. STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

Any objections not set forth herein will be considered waived absent good cause shown.

## IX. PLAINTIFF'S WITNESS LIST

The witnesses listed below may be called at trial. No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown.

> Joseph Cunneen, plaintiff
> Jonathan Glashow, M.D. (treating physician and expert witness)
> Vincent Hurley
> Steven Nick
> Glen Surnamer
> Any witness identified by defendant

## X. DEFENDANT'S WITNESS LIST

The witnesses listed below may be called at trial. No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown.

> Joseph Cunneen
> John Napoli
> Tommy Tuccillo
> Vincent Hurley
> Steve Nick
> Pete DiMartino
> Eric Surnamer
> Glenn Surnamer
> Alan Dipel
> James Valentino
> Mike Ciaciado
> Steve D'Agostino
> James Sciavone
> Representative of UPS concerning plaintiff's employment
> Physician who conducted physical for plaintiff at UPS or keeper of those
>     records at UPS
> Dr. Edward Crane

## XI. RELIEF SOUGHT

Plaintiff seeks compensatory damages as follows: $1,500,000 for past pain and suffering; $1,000,000 for future pain and suffering; $1,250,000 for loss of bodily function; $1,250,000 for deprivation of enjoyment of activities of daily living; $500 per week lost income from March 1, 2006 to March 7, 2008.

Plaintiff seeks punitive damages in the amount of $5,000,000.


Dated:

_____
U.S.D.J.


EDWARD F. WESTFIELD, P.C.
Attorney for Plaintiff
    s/ *Edward F. Westfield*
By:_____
   Edward F. Westfield (EW2030)
274 Madison Avenue – Suite 1601
New York, New York 10016
(212) 532-6625


CAMACHO MAURO & MULHOLLAND
Attorneys for Defendant
    s/ *Andrea Sacco Camacho*
By:_____
   Andrea Sacco Camacho (ASC5719)
350 Fifth Avenue – Suite 5101
New York, New York 10118
(212) 947-4999