UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH CUNNEEN,<br><br>        Plaintiff,<br><br>  *- against -*<br><br>JOHN NAPOLI,<br><br>        Defendant. | Case. No. 07-CV-6601<br>(LAK) (GWG)<br><br>**PLAINTIFF'S PROPOSED<br>JURY INSTRUCTIONS** |

Plaintiff, Joseph Cunneen, proposes the following jury instructions, in addition to the Court's general jury instructions:

*Instruction No. 1:*

In this action, plaintiff Joseph Cunneen seeks damages for battery. A person who intentionally touches another person, without that person's consent, and causes an offensive bodily contact commits a battery and is liable for all damages resulting from his act.

Intent involves the state of mind with which an act is done. The intent required for battery is intent to cause a bodily contact that a reasonable person would find offensive. An offensive bodily contact is one that is done for the purpose of harming another or one that offends a reasonable sense of personal dignity, or one that is otherwise wrongful.

Plaintiff Joseph Cunneen claims that defendant John Napoli punched him violently in his right shoulder. John Napoli denies that he punched Joseph Cunneen but admits that he pushed Joseph Cunneen and says that he did not do so intentionally.

If you find that John Napoli intentionally punched or pushed Joseph Cunneen and that contact was offensive, you will find that John Napoli committed a battery. If you find that John Napoli did not intentionally punch or push Joseph Cunneen or that, although he did punch or push Joseph Cunneen that such contact was not offensive, you will find that John Napoli did not commit a battery.

John Napoli admits that pushed Joseph Cunneen. However, John Napoli claims that he was acting in self-defense and therefore is not liable for any damages to Joseph Cunneen. John Napoli has the burden of establishing self-defense by a fair preponderance of the credible evidence, as I have defined that term for you. In order to establish self-defense, John Napoli must establish that he reasonably believed that Joseph Cunneen was attacking or about to attack him and that the force that John Napoli used to prevent injury to himself was reasonable under the circumstances.

If you find that John Napoli had a reasonable belief that (he, she) was facing a physical attack from Joseph Cunneen and that the force that John Napoli used was reasonable under the circumstances, you will find that John Napoli was acting in self-defense and is not liable for battery. If you find that John Napoli did not have a reasonable belief that he was facing a physical attack from Joseph Cunneen or that even though he did, the force that he used was not reasonable under the circumstances, you will find that John Napoli was not acting in self-defense and therefore is liable for battery.

*See* **NY PJI 3:3 Intentional Torts—Interference with Person or Property—Battery—Generally**

*Instruction No. 2:*

The fact that the plaintiff may have a physical or mental condition that makes him, her more susceptible to injury than a normal healthy person does not relieve the defendant of liability for all injuries sustained as a result of his negligence. The defendant is liable even though those injuries are greater than those that would have been sustained by a normal healthy person under the same circumstances.

*See* **NY PJI 2:283 Damages—Personal Injury—Increased Susceptibility To Injury**


*Instruction No. 3:*
If you decide that defendant is liable, plaintiff is entitled to recover a sum of money which will justly and fairly compensate him for any injury and conscious pain and suffering to date caused by defendant.

*See* **NY PJI 2:280 Damages—Personal Injury—Injury and Pain and Suffering**


*Instruction No. 4:*

In determining the amount, if any, to be awarded plaintiff for pain and suffering, you may take into consideration the effect that plaintiff's injuries have had on plaintiff's ability to enjoy life. Loss of enjoyment of life involves the loss of the ability to perform daily tasks, to participate in the activities which were a part of the person's life before the injury, and to experience the pleasures of life. However, a person suffers the loss of enjoyment of life only if the person is aware, at some level, of the loss that he has suffered.

If you find that plaintiff, as a result of his injuries, suffered some loss of the ability to enjoy life and that plaintiff was aware, at some level, of a loss, you may take that loss

into consideration in determining the amount to be awarded to plaintiff for pain and suffering to date.

*See* **NY PJI 2:280.1 Damages—Personal Injury—Injury and Pain and Suffering [Supplemental Instruction]**

*Instruction No. 5:*

In addition to awarding damages to compensate the plaintiff Joseph Cunneen for his injuries, you may, but you are not required to, award Joseph Cunneen punitive damages if you find that the act of the defendant John Napoli that caused the injury complained of was malicious. The purpose of punitive damages is not to compensate the plaintiff but to punish the defendant for a wanton and reckless or malicious act and thereby to discourage the defendant and other people from acting in a similar way in the future.

An act is malicious when it is done deliberately with knowledge of the plaintiff's rights, and with the intent to interfere with those rights. If you find that John Napoli's act was not wanton and reckless or malicious, you need proceed no further in your deliberations on this issue. On the other hand, if you find that John Napoli's act was wanton and reckless or malicious, you may award Joseph Cunneen punitive damages.

*[If the jury determines that defendant's acts were wanton and reckless, or malicious, the court should proceed to charge the jury on the factors it should consider in determining the amount of punitive damages.]*

In arriving at your decision as to the amount of punitive damages you should consider the nature and reprehensibility of what John Napoli did. That would include the character of the wrongdoing, whether John Napoli's conduct demonstrated an indifference to, or a reckless disregard of, the health, safety or rights of Joseph Cunneen, whether the acts was

done with an improper motive or vindictiveness, whether the act or acts constituted outrageous or oppressive intentional misconduct, how long the conduct went on, John Napoli's awareness of what harm the conduct caused or was likely to cause, and the actual and potential harm created by John Napoli's conduct

The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by Joseph Cunneen, and to the compensatory damages you awarded Joseph Cunneen. The reprehensibility of John Napoli's conduct is an important factor in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by AB and the compensatory damages you have awarded Joseph Cunneen.

You may also consider the defendant John Napoli's financial condition and the impact your punitive damages award will have on John Napoli.

In reporting your verdict, you will state the amount awarded by you as punitive damages.

*See* **NY PJI 2:278 Damages—Punitive**


Dated: New York, New York
April 8, 2008

                                       EDWARD F. WESTFIELD, P.C.
                                       Attorney for Plaintiff
                                           s/ *Edward F. Westfield*
                                       By:_____
                                           Edward F. Westfield (EW2030
                                       274 Madison Avenue – Suite 1601
                                       New York, New York 10016-0701
                                       (212) 532-6625